# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6111 | **DATE** | 4/27/2011 |
| **CASE TITLE** | SCI Illinois Services, Inc. vs. Mitzvah Memorial Funerals, Inc., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons explained in the Statement section of this order, defendants Mitzvah Memorial Funerals, Inc. and Lloyd Mandel's (collectively "Defendants") "12(b)(6) Motion to Dismiss" [16] is denied. Defendants are to file their answer to the complaint on or before May 11, 2011, and the parties should file a Form 52 on or before May 17, 2011. Status is set for May 19, 2011 at 9:00 a.m. for entry of the scheduling order in this case. The parties are encouraged to discuss settlement.

■[ For further details see text below.]  Notices mailed.

## STATEMENT

On September 23, 2010, plaintiff SCI Illinois Services, Inc. ("SCI") filed a complaint against defendants Mitzvah Memorial Funerals, Inc., d/b/a Lloyd Mandel Mitzvah Memorial Funerals, and Lloyd Mandel ("Mandel"), individually and as an agent of Mitzvah Memorial Funerals, Inc., d/b/a Lloyd Mandel Mitzvah Memorial Funerals (collectively "Defendants"). In the complaint, SCI asserts claims against Defendants for false designation of origin under 15 U.S.C. § 1125(a) (First Claim); dilution under 15 U.S.C. § 1125(c) (Second Claim); common law trademark infringement (Third Claim); violation of the Illinois Uniform Deceptive and Unfair Trade Practices Act under 815 ILCS 510/2 (Fourth Claim); and breach of contract (Fifth Claim). (Dkt. No. 1 ("Compl.") ¶¶ 19-35.) Currently before the court is Defendants' "12(b)(6) Motion to Dismiss" (Dkt. No. 16 ("Defs.' Mot.")). For the reasons explained below, Defendants' Motion is denied.

The following are the facts of this case, viewing the factual allegations in SCI's complaint in the light most favorable to SCI. *See Cole v. Milwaukee Area Tech. College Dist.*, 634 F.3d 901, 903 (7th Cir. 2011) (quoting *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009)).

On or about November 4, 1988, Mandel founded Lloyd Mandel Levayah Funerals, P.C. to conduct business in the funeral services industry in and around northern Illinois. (Compl. ¶ 6.) Pursuant to an Asset Purchase Agreement dated July 12, 1995 ("Agreement"), SCI purchased Lloyd Mandel Levayah Funerals, P.C. from Mandel. (*Id.* ¶ 7.) Under the terms of the Agreement, SCI paid Mandel $3.5 million in return for certain assets which included, "the good will of the Seller [Mandel] in the Business . . . and all of Seller's [Mandel's] right, title and interest in and right to use the name 'Lloyd Mandel Levayah Funerals' and 'Levayah Funerals' and any other names so similar as to require consent of the Seller to their rightful use, as well as any other trade name(s) utilized in connection with the operation of the Business." (*Id.* ¶ 9.) According to the Agreement, the $3.5 million purchase price would be allocated as follows: $3,361,500 for

| STATEMENT |
|---|

name and reputation and $138,500 for furniture, fixtures, and equipment. (*Id.* ¶ 10; Agreement § 1.5 & Ex. A (attached as Ex. B to Defs.' Mot.).)[1] The assets transferred pursuant to the Agreement included the trade name: Levayah Funerals and the related mark Lloyd Mandel Levayah Funerals. (Compl. ¶ 11; Agreement §§ 1.1(g), 3.11.) According to the Agreement, the parties also executed a 15 year non-compete agreement on July 20, 1995. (Agreement § 6.1(a).)[2]

After purchasing Lloyd Mandel Levayah Funerals in 1995, SCI has owned and operated Lloyd Mandel Levayah Funerals in Illinois and advertised for those services throughout the Midwest, including in Wisconsin, Iowa, Michigan, and Indiana. (Compl. ¶ 13.) Mandel recently began competing with SCI for funeral service work in northern Illinois and is using the trade name Lloyd Mandel Mitzvah Memorial Funerals. (*Id.* ¶ 14.)

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although the complaint need not contain "detailed factual allegations," "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. The complaint must "include sufficient facts 'to state a claim for relief that is plausible on its face.'" *Cole*, 634 F.3d at 903 (quoting *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009)). In ruling on a Rule 12(b)(6) motion, the court "construe[s] the . . . [c]omplaint in the light most favorable to Plaintiff, accepting as true all well-pleaded facts and drawing all possible inferences in [its] favor. *Id.*

In their Motion, Defendants only address SCI's False Designation of Origin claim under § 1125(a) of the Lanham Act. In their Reply, however, Defendants clarify that they are seeking to dismiss all of SCI's claims because "the analysis for [SCI]'s false designation claim, unfair trade practices claim and Illinois common law is the same." (Dkt. No. 22 ("Defs.' Reply") at 2 n.3.) Additionally, according to Defendants, "if [SCI] cannot plead a viable trademark related cause of action, then the same facts cannot constitute a viable breach of contract action." (*Id.*) For purposes of Defendants' Motion, the court only addresses whether SCI has stated a viable claim for false designation of origin under § 1125(a) of the Lanham Act.

To state a claim under § 1125(a), a plaintiff must allege "(1) that it has a protectible trademark, and (2) a likelihood of confusion as to the origin of the defendant's product." *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 897 (7th Cir. 2001). Here, Defendants argue that even though the likelihood of confusion inquiry typically involves questions of fact, in this case the marks are so dissimilar as to be incapable of confusion as a matter of law. (Defs.' Mot. 5.) Defendants rely on Mandel's affidavit, which is attached as Ex. A to Defendants' Motion and attests that Mandel's current business name is "Mitzvah Memorial Funerals, Inc." (Mandel Aff. ¶ 2.)

---

[1] SCI cited to the Agreement in its complaint and apparently intended to attach the Agreement to the complaint. (*See* Compl. ¶ 8.) The complaint filed in this court's docket, however, does not attach the Agreement. Defendants have attached the Agreement to their Motion, and SCI has not disputed that the attached Agreement is the same Agreement cited in the complaint.

[2] Although SCI's complaint does not address this non-compete agreement, the Agreement, which is incorporated into SCI's complaint, does refer to the parties' non-compete agreement. *See Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010) ("[A] Rule 12(b)(6) motion must be decided solely on the face of the complaint and any attachments that accompanied its filing.").

| STATEMENT |
|---|

On a Rule 12(b)(6) motion to dismiss, however, this court cannot consider such evidence which is outside of SCI's complaint. *See Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010) ("[A] Rule 12(b)(6) motion must be decided solely on the face of the complaint and any attachments that accompanied its filing."). Instead, the court must accept as true the well-pleaded facts in SCI's complaint. *Cole*, 634 F.3d at 903. Here, SCI alleges that Defendants are using the trade name "Lloyd Mandel Mitzvah Memorial Funerals." (Compl. ¶ 14.) As other courts in this district have recognized, "[t]he likelihood of confusion is a fact-specific inquiry best left for decision after discovery." *Vulcan Golf, L.L.C. v. Google Inc.*, 552 F. Supp. 2d 752, 769 (N.D. Ill. 2008) (Manning, J.). This court agrees and similarly finds that at this stage of the litigation it cannot determine that the trade names purchased by SCI pursuant to the Agreement and the trade name Defendants allegedly are using are so dissimilar that SCI could not demonstrate a likelihood of consumer confusion as a matter of law.

Defendants also argue that SCI's claims must fail because Mandel retained his right to use his personal name as a funeral director upon the expiration of the parties' fifteen year non-compete agreement which is referenced in the Agreement. Under the terms of the Agreement, however, SCI purchased "all of Seller's [Mandel's] right, title, and interest in and right to use the name 'Lloyd Mandel Levayah Funerals' and 'Levayah Funerals' and any other names so similar as to require consent of the Seller to their rightful use, as well as any other trade name(s) utilized in connection with the operation of the Business." (Compl. ¶ 9.) As explained in *McCarthy on Trademarks and Unfair Competition*,

> There is no doubt that a personal name used as a trademark may be expressly assigned to another along with the good will symbolized by the mark.
> When a business and good will are sold to another, the trademarks of the business pass, even though they may consist of the personal name of the assignor. If a person has sold a business which is identified by his personal name, the name is an asset which he has sold, and he cannot keep commercial control of the name and keep the purchase price too.

J. Thomas McCarthy, *McCarthy on Trademarks & Unfair Competition* § 18:32 (4th ed. 2011). Consequently, regardless of whether Mandel may lawfully re-enter the funeral industry under the terms of the parties' non-compete agreement, his rights to use his personal name in that industry are subject to the rights he previously assigned to SCI. The expiration of the parties' non-compete agreement, therefore, does not defeat SCI's false designation of origin claim.

The court has considered Defendants' remaining arguments for dismissal of SCI's false designation of origin claim and finds that they also lack merit. Defendants' "12(b)(6) Motion to Dismiss" (Dkt. No. 16) accordingly is denied. Defendants are to file their answer to the complaint on or before May 11, 2011, and the parties should file a Form 52 on or before May 17, 2011. Status is set for May 19, 2011 at 9:00 a.m. for entry of the scheduling order in this case. The parties are encouraged to discuss settlement.

*James F. Holderman*

---

[3] Even if this court could consider the evidence presented in Mandel's affidavit on a motion to dismiss, the court would still find that the respective marks are not so dissimilar such that SCI could not prove a likelihood of consumer confusion as a matter of law.